[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 26, 2000, the plaintiff, Peter Curcio, filed a five count revised complaint, alleging that the defendant, Ferguson McGuire, Inc., failed and refused to remit to the plaintiff monies and commission pursuant to an agreement signed by both parties. In the agreement, the defendant contracted to purchase the plaintiff's property and casualty insurance business known as P.S. Curcio Company. The plaintiff alleges breach of contract, conversion, unfair trade practices and unjust enrichment. In count four of the complaint, the plaintiff alleges that the defendant has violated General Statutes § 42-110b(a), the Connecticut Unfair Trade Practices Act (CUTPA).
On May 23, 2000, the defendant filed a motion (#114) to strike count four, on the grounds that it fails to state a cause of action under CUTPA because the claim is a simple breach of contract and that no consumer relationship existed.[1] In addition, the defendant moves to strike the requests for attorney's fees and punitive damages from the prayers of relief as they correspond to the claim under count four.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare ofConnecticut, Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 286, [709 A.2d 1089], (1985). CT Page 13687
"The purpose of CUTPA is to protect the public from unfair practices in the conduct of any trade or commerce, and whether a practice is unfair depends on the finding of a violation of an identifiable public policy."Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601, 607,602 A.2d 1062 (1992). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a trade or business." (Internal quotation marks omitted.)Pergament v. Green, 32 Conn. App. 644, 655, 630 A.2d 615, cert. denied,228 Conn. 903, 634 A.2d 296 (1993).
"A breach of contract can constitute a violation of CUTPA; Lester v.Resorts Camplands International, Inc., 27 Conn. App. 59, 72, 605 A.2d 550
(1992); but only if the conduct complained of (i) offends public policy; (ii) is immoral, unethical, oppressive, or unscrupulous; (in) causes substantial damage to consumers." McShane v. Mirand Group, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 102922 (May 15, 1992, Lewis, J.) "A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the [activities alleged] are either immoral, unethical, unscrupulous or offensive to public policy." (Internal quotation marks omitted.)Shoreline Vending Service v. Huey, Superior Court, judicial district of Middlesex at Middletown, Docket No. 73936 (Mar. 15, 1996, Stanley, J.).
The defendant argues in support of its motion to strike that the plaintiff has not alleged a claim under CUTPA because the facts do not support a finding of a consumer relationship. Because the plaintiff's complaint lacks any allegations that the act complained of was performed in a trade or business, the plaintiff has failed to state a cause of action under CUTPA. Therefore, in accordance with prior rulings likeBoyce v. Canby, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 153623 (February 27, 1998, Lewis, J.), the defendant's motion to strike count four is hereby granted.
The defendant further argues that a breach of a simple contract is insufficient to establish a violation of CUTPA because the plaintiff incorporated the breach of contract claim in count one by reference into the CUTPA claim in count four, and the plaintiff failed to outline public policy violations. The plaintiff's complaint fails to allege how or why the acts complained of are immoral, oppressive and unscrupulous, and because it fails to specifically allege how the facts giving rise to the breach of contract amount to a CUTPA claim, the plaintiff has failed to state a legally sufficient claim. In addition, since the corresponding CT Page 13688 prayers for relief are derived from count four, the defendant's motion to strike the corresponding claims for attorney's fees and punitive damages is hereby granted.
So Ordered.
Dated at Stamford, Connecticut this day of November, 2000.
WILLIAM BURKE LEWIS, JUDGE T.R.